[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY
This appeal is considered on the accelerated calendar under App. R. 11.1(E) and Loc. R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct. R.Rep.Op. 3(A). TRIAL NO. 2000000103.
Terry L. McGinnis, Jr., a minor, was struck and killed by an automobile in 1998. He was survived by his mother, Royella McGinnis, his father, Terry L. McGinnis, Sr., and his two children, Devante Richards and Mykel McGinnis. The estate of Terry L. McGinnis, Jr., brought a wrongful-death action that was settled for $175,000, plus attorney fees and expenses in 2002. A magistrate of the probate court held hearings and in a written decision ordered the disbursement of the settlement proceeds.
In a single assignment of error, appellant Charita Richards, Devante's mother and legal guardian, appeals from the probate court's order overruling her objections to the magistrate's decision. Richards first argues that because Royella McGinnis died before the settlement agreement was reached, the probate court erred by awarding 12% of the settlement proceeds to her estate. This contention must fail. Royella McGinnis's interest in the wrongful-death action was fixed at the date of her son's death. See R.C. 2125.02(A)(3)(a). She was presumed to have suffered damages by her son's wrongful death. See R.C. 2125.02(A)(1). Her interests in the wrongful-death settlement continued beyond her death, and her estate succeeded to those interests. See Brookbank v. Gray, 74 Ohio St.3d 279, 286,1996-Ohio-135, 658 N.E.2d 724.
Richards next argues that the probate court erred in calculating the amount of settlement proceeds apportioned to Royella and Terry L McGinnis, Sr., the decedent's parents. The distribution of the proceeds of a wrongful-death settlement is governed by R.C. 2125.03(A)(1), which provides that "[t]he amount received by a personal representative in an action for wrongful death * * * shall be distributed to the beneficiaries or any one or more of them. The court * * * shall adjust the share of each beneficiary in a manner that is equitable, having due regard for the injury and loss to each beneficiary resulting from the death and for the age and condition of the beneficiaries." The equitable distribution of the settlement assets rests in the sound discretion of the probate court and will not be reversed on review absent an unreasonable, arbitrary, or unconscionable exercise of that discretion. See In re Estate of Walter (Oct. 13, 1999), 9th Dist. No. 2942-M.
Here, the magistrate, as stated in his well-reasoned decision, and the probate court were aware that the decedent's mother survived him by only three years, that his father had been incarcerated for long periods of time, and that the father was able to elect to take against his late wife's will and thus to exert a claim against the damages awarded to Royella. The probate court considered the factors outlined in R.C. 2125.02(B) and followed a sound reasoning process in awarding 85% of the settlement to the minor children, 12% to Royella McGinnis, and 2% to Terry L. McGinnis, Sr., as a token award. See AAAA Ent., Inc.v. River Place Community Urban Redevelopment Corp. (1990),50 Ohio St.3d 157, 161, 553 N.E.2d 597.
Richards's final argument, that the probate court erred in failing to find that Terry L. McGinnis, Sr., had abandoned his son and was thus ineligible to receive a distribution, must also fail. Neither the decedent's personal representative nor any beneficiary timely moved, pursuant to R.C. 2125.02(E), to prove, "by a preponderance of the evidence, that [McGinnis, Sr.] abandoned [his] deceased minor child." R.C. 2125.02(E)(2). The probate court was, therefore, not required to consider the issue of statutory abandonment. The record of the proceedings below confirms, however, that the magistrate did consider the father's incarceration and lack of contact with the decedent in deciding upon a distribution of only 2% of the settlement proceeds to McGinnis, Sr. The assignment of error is overruled.
Therefore, the judgment of the probate court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App. R. 27. Costs shall be taxed under App. R. 24.
Doan, P.J., Gorman and Painter, JJ.